UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HATEAID GGMBH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER INTERNATIONAL UNLIMITED COMPANY (TIUC),<br><br>    Defendant. | Case No. 23-mc-80235-HSG<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

    HateAid gGmbH, Josephine Ballon, and Avital Grinberg (the "Applicants") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas on X Corp. Dkt. No. 1. For the reasons stated below, the Court **DENIES** the application.

**I.    BACKGROUND**

    In January 2023, the Applicants filed a civil action in Berlin, Germany against Twitter International Unlimited Company ("TIUC"), a subsidiary and the European operator of the social network X Corp. (formerly known as Twitter). *See* Dkt. No. 1-1 ("Ballon Decl.") at ¶¶ 3, 17. The Applicants contend that the TIUC's terms of service incorporate various X Corp. policies, including policies on "Hateful Conduct," "Violent Speech," and "Abuse and Harassment." *See id.* at ¶¶ 4–8. They further argue that these policies prohibit abusive user behavior, including, as relevant here, Holocaust denial. *See id.* at ¶¶ 9–13. Applicants contend that TIUC regularly disseminates posts that violate its own policies. *Id.* at ¶ 16. The Applicants identified six examples of anti-Semitic and hateful posts from 2022 and 2023 that they reported to TIUC but that the company either declined or failed to remove. *Id.* at ¶¶ 17, 19–20. Such posts, they state, violate the company's own policies as well as German law. *See id.* at ¶ 18. The Applicants contend that in response to the German action, TIUC claimed that it promptly identified and

restricted access to these posts. *See id.* at ¶¶ 21–24. The Applicants accordingly request permission to serve subpoenas on X Corp. for documents and a deposition regarding how TIUC and X Corp. responded internally to these six posts. *Id.* at ¶¶ 24–28; *see also* Dkt. No. 1-2, Ex. 1; Dkt. No. 1-3, Ex. 2 (proposed subpoenas).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id*. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id*. at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

1  F.3d 79, 84 (2d Cir. 2004).  In the absence of evidence that a foreign tribunal or government
2  objects to assistance via discovery provided under § 1782, the second factor weighs in favor of
3  authorizing the subpoena.  *See In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL
4  3514072, at *3 (N.D. Cal. Aug. 10, 2021) (applicant represented that Japanese courts would be
5  receptive to assistance from discovery in the U.S. and the court found no evidence to the contrary,
6  so subpoena issued).  Regarding the fourth factor, courts have held that discovery under § 1782 of
7  access logs or other records of a user's online activity are not unduly burdensome when the
8  applicant demonstrates that they are relevant, necessary, and limited to a reasonable time period.
9  *See id.* at *4–5; *see also Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 900 (N.D. Cal. 2021).
10 The party seeking discovery need not establish that the information sought would be discoverable
11 under the governing law in the foreign proceeding or that United States law would allow discovery
12 in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261–63.

13 Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte
14 basis, since "parties will be given adequate notice of any discovery taken pursuant to the request
15 and will then have the opportunity to move to quash the discovery or to participate in it."  *IPCom*
16 *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation omitted).
17 "Consequently, orders granting § 1782 applications typically only provide that discovery is
18 'authorized,' and thus the opposing party may still raise objections and exercise its due process
19 rights by challenging the discovery after it is issued via a motion to quash, which mitigates
20 concerns regarding any unfairness of granting the application ex parte."  *In re Varian Med. Sys.*
21 *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

22 Unless the district court orders otherwise, the discovery the court authorizes must be
23 obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re*
24 *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th
25 Cir. 1994).

26 **III.    DISCUSSION**
27 Here, the Applicants request discovery for use in a civil action in Berlin.  However, the
28 Berlin court has since dismissed the Applicants' case, concluding that German courts lack

jurisdiction over it.  *See* Dkt. No. 24-2, Ex. 3a at 10–14.  The three-judge panel indicated that the Applicants should bring their claims in Ireland, where TIUC is headquartered.  *Id.*  The Applicants nevertheless continue to request that this Court grant their discovery requests because they may appeal the Berlin court decision, and intend to pursue their claims in whatever court has jurisdiction.  *See* Dkt. No. 21.  However, the Applicants have not offered any reasoned explanation of how the discovery sought here would aid their appeal at all.  The Applicants' vague suggestion that "depending on the nature of the evidence" they obtain "there is every likelihood the German Appellate Court will admit that evidence," Dkt. No. 21-1 at 2, is simply not persuasive.  And to the extent the Applicants ultimately pursue their claims in another jurisdiction, the analysis under § 1782 would need to account for the law and policies of that forum.  The Court therefore **DENIES** the application.

## IV. CONCLUSION

The Court **DENIES** the application without prejudice to the Applicants refiling a new application in a future matter if they can do so consistent with the statutory requirements.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   12/6/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge